UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LORRAINE WHYTE, | ) | Case No. 6:07-bk-03111-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

MEMORANDUM OPINION DENYING DEBTOR'S
MOTION FOR REHEARING AND FOR SANCTIONS

The debtor asks this court to reconsider its oral ruling rendered at a hearing held on April 1, 2008[1] (Doc. No. 72). At this hearing, the Court considered evidence presented on the motion by the Chapter 7 Trustee, Carla Musselman, to require the debtor, among other things, either to turnover or pay the value of her car, a 2001 Honda Accord, and on the motion by the Debtor, Lorraine Whyte, to require the trustee to abandon the estate's interest in the car because it was of inconsequential value to the estate (Doc. Nos. 36 and 37).

At the hearing, the Court heard testimony from Robert H. Ewald, President of Ewald Enterprises, Inc. Mr. Ewald is an experienced appraiser and has a lengthy history of valuing automobiles, such as the debtor's, as well as testifying before this Court relating to the value of assets potentially part of bankruptcy estates. The Court is familiar with Mr. Ewald's reputation and frequently has qualified him as an expert witness on issues relating to value of personal property, including cars. In this case, the Court accepted his opinion as to the value of the debtor's vehicle, finding that the car had a value of $5,250 and was of more than inconsequential value to the estate.

---

[1] The attorney for the Chapter 7 Trustee was directed to submit a proposed written order consistent with the oral ruling. To date, the attorney has failed to submit such an order. If the proposed order is not submitted to the Court within ten days of the entry of this order, the Court will deny the trustee's motion and grant the debtor's motion for the trustee's failure to timely comply with the Court's request.

Case 6:07-bk-03111-KSJ    Doc 88    Filed 07/02/08    Page 2 of 4

The debtor, in her current motion for rehearing, contends that she was prevented from appropriately examining Mr. Ewald because the attorney for the trustee had not disclosed that he was the brother-in-law of the appraiser.  The debtor is correct that, at the time of the hearing, the trustee's attorney, John Meininger, was not formally retained by the Court,[2] although he had filed an application for retention (Doc. No. 65).  He did not file the necessary supporting affidavit of disinterestedness, however, until *after* the hearing (Doc. No. 66).  In this affidavit, Mr. Meininger disclosed his familial relationship with Mr. Ewald.   The debtor contends that, although the Court was aware that Mr. Ewald and Mr. Meininger were brothers-in-law, she was prejudiced because she did not know of the family connection.  For the reasons explained below, the Court denies the debtor's motion for rehearing and for sanctions.

In addressing requests to reconsider orders, made pursuant to Federal Rule of Civil Procedure 60, courts construe such requests as motions to alter or amend a judgment pursuant to Rule 59(e)[3] if the motions are filed within ten days of the trial court's entry of judgment.  Here, the Motion for Reconsideration was filed after the oral ruling and prior to the entry of the written order.  As such, the motion arguably is premature; however, for purposes of judicial efficiency, the Court shall consider the motion timely filed within the requisite 10-day period pursuant to Rule 59(e).  In re Mathis, 312 B.R. 912, 914 (Bankr.S.D.Fla.2004) (citing Hatfield v. Board of County Commissioners, 52 F.3d 858 (10th Cir.1995); accord Mendenhall v. Goldsmith, 59 F.3d 685 (7th Cir.1995); Goodman v. Lee, 988 F.2d 619 (5th Cir.1993)).

"Reconsideration of an order under Rule 59(e) 'is an extraordinary remedy to be employed sparingly'" due to interests in finality and conservation of judicial resources.

---

[2] Mr. Meininger's retention was approved in an order entered on April 3, 2008 (Doc. No. 69).
[3] Federal Rule of Civil Procedure 59(e) provides as follows:

**(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Whyte Memo Opinion Deny Mot for Rehearing.doc /  / Revised: 7/1/2008 4:35:00 PMPrinted: 7/1/2008       Page: 2 of 4

Mathis, 312 B.R. 912, 914 (citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla.1994); accord Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority, 814 F. Supp. 1072, 1073 (M.D.Fla.1993)). The only grounds for granting a motion for reconsideration "are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir.1999). Such motions should address only factual and legal matters that the Court may have overlooked. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993).

Where courts have granted relief under Rule 59(e), they have generally done so in order to: (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice. Mathis, 312 B.R. 912 at 914 (citations omitted). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within a trial court judge's discretion and will not be overturned absent an abuse of discretion. American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir.1985).

In this case, the debtor's motion for rehearing and for sanctions did not identify any meritorious errors of law or fact, did not present any new or previously unavailable evidence, and did not demonstrate any intervening change in controlling law. Rather, the debtor argues the Court should refuse to consider Mr. Ewald's appraisal testimony because the debtor was unaware of the family relationship between the trustee's attorney and the appraiser.

The Court understands that the debtor wants to question Mr. Ewald about this relationship, but, given the Court's prior knowledge of the relationship, such questioning would have had no effect. Mr. Ewald is an experienced, reputable appraiser. He has testified before this Court many times, always knowledgeably and with professionalism. The Court cannot conceive of any circumstance in which Mr. Ewald would alter or exaggerate his opinion on the

value of a car simply because his brother-in-law, also an experienced bankruptcy lawyer, was asking the questions.

This is particularly true in this case where the valuation opinion related to an older vehicle—a 2001 Honda Accord, worth $5,250. He testified that he valued this car just as he would any other car and did not consult the Chapter 7 trustee or her lawyer prior to rendering his opinion. The Court found this testimony credible.

The debtor simply has failed to demonstrate any clear error or any manifest injustice that would justify any reconsideration. The fact that the debtor, during the examination, was unaware that Mr. Ewald was Mr. Meininger's brother-in-law does not change the Court's opinion. No purpose would be served by a rehearing on the matter. Accordingly, the debtor's Motion for Rehearing and for Sanctions (Doc. No. 72) is denied. A separate order consistent with this memorandum opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on July 2, 2008.

KAREN S. JENNEMANN
United States Bankruptcy Judge